Filed 7/2/24  P. v. Perez CA6
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051260 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC942929) |
| v. | |
| ANGEL PEREZ, | |
| Defendant and Appellant. | |

Angel Perez appeals a postjudgment order denying his motion under Penal Code section 1172.75[1] to recall his sentence, remove a prior prison term enhancement (prison prior) imposed pursuant to section 667.5, former subdivision (b), and be resentenced. The trial court denied Perez's motion, deciding that relief under section 1172.75 was unavailable because the original sentencing court had stayed the punishment associated with the prison prior.

For the reasons explained below, we conclude that section 1172.75 applies in cases like this, where the judgment includes a prison prior that was imposed but stayed. We thus reverse the trial court's order and remand for recall of Perez's sentence and for resentencing.

---

[1] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

In July 2011, a jury found Perez guilty of six counts of second degree robbery (§§ 211, 212.5, subd. (c)), three counts of false imprisonment (§§ 236, 237), two counts of reckless evading (Veh. Code, § 2800.2, subd. (a)), and one count of vandalism (§ 594, subds. (a), (b)(1)).[3] The jury found true firearm allegations (§§ 12022, subd. (a)(1), 12022.53, subds. (b), (c)(1)), gang allegations (§ 186.22, subd. (b)(1)(C)), and allegations that Perez had taken property valued at more than $65,000 (§ 12022.6, subd. (a)(1)) in the commission of the robberies. The jury also found true firearm and gang allegations as to the false imprisonment counts. The trial court found true that Perez had suffered a strike prior conviction of burglary (§§ 459, 460, subd. (a), 667, subds. (b)–(i), 1170.12), which also was a serious felony conviction (§ 667, subd. (a)), and that Perez had served a prison term for that burglary conviction (§ 667.5, former subd. (b)).

In January 2012, the trial court sentenced Perez to an aggregate term of 47 years 8 months in prison (including a stayed term for the prison prior) and ordered Perez to pay restitution. Perez appealed.

In January 2014, a panel of this court accepted the People's concessions on appeal that "the trial court erred in imposing terms for both the section 186.22 gang enhancement and the section 12022.53 firearm enhancement" and that "the court's restitution order [was] not supported by the evidence." This court reversed the judgment and directed the trial court to "strike the section 12022.53 enhancement on those counts where there is also a section 186.22 gang enhancement," "[to] resentence [Perez] accordingly," and to hold a new restitution hearing.

---

[2] The facts of the underlying offenses are not relevant to the legal issue addressed in this appeal.

[3] The jury was unable to reach a verdict on a count of assault with a deadly weapon upon an officer (§ 245) and a count of reckless evading (Veh. Code, § 2800.2, subd. (a)).

In August 2014, the trial court resentenced Perez to a total of 38 years 4 months in prison and ordered payment of various fines and fees. The court stayed the one-year punishment for the prison prior "under the rule of *People versus Jones*."[4] (Underscoring omitted & italics added.) In addition, the court ordered Perez to pay restitution. Perez appealed.

In September 2016, a panel of this court accepted the People's concession that the restitution fine and parole revocation fine must be reduced to $5,000. This court modified the judgment to reduce the fines accordingly but rejected Perez's other claims of error and affirmed the restitution order.

In May 2023, through counsel, Perez filed a motion for resentencing under section 1172.75 (motion).[5] Perez asked the trial court to recall his sentence, "remove the imposed [prison] prior," and to conduct a new, full resentencing hearing.

The district attorney opposed Perez's motion.

On August 2, 2023, the trial court denied Perez's motion, reasoning that the prison prior "was not 'imposed' because no additional term of punishment was added to the base when the punishment was stayed . . . at the time of sentencing."

## II. DISCUSSION

On appeal, Perez contends the trial court erred in denying his motion because a stayed prison prior "is still a prison prior which has been 'imposed' for purposes of section 1172.75." (Boldface & capitalization omitted.) The Attorney General disagrees. He argues that section 1172.75 "contemplates resentencing only for defendants serving

---

[4] In *People v. Jones* (1993) 5 Cal.4th 1142, our Supreme Court "concluded as a matter of statutory interpretation that section 667 barred the imposition of cumulative sentence enhancements for a prior conviction under section 667 and a prior prison term under section 667.5[, subdivision] (b) based on a single prior felony offense." (*People v. Baird* (1995) 12 Cal.4th 126, 128.)

[5] The Department of Corrections and Rehabilitation apparently identified Perez as having a legally invalid prior prison term enhancement in his sentence. (See § 1172.75, subd. (b).)

sentences for imposed prior prison term enhancements—i.e., those that actually alter a defendant's aggregate sentence."

The parties acknowledge there is currently a split in authority and our Supreme Court has granted review on the issue presented in this appeal. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40–41, 45, 48–49, review granted Feb. 21, 2024, S283169 [§ 1172.75 does not authorize resentencing for a stayed prior prison term enhancement] with *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 (*Renteria*) [§ 1172.75 requires resentencing for stayed prior prison term enhancements]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, 316, fn. 8, review granted Feb. 21, 2024, S283189 (*Christianson*) [same; disagreeing with *Rhodius*]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272–1274, review granted Mar. 12, 2024, S283547 (*Saldana*) [same]; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674 (*Mayberry*) [disagreeing with the conclusion in *Rhodius* that section 1172.75 does not invalidate a prior prison term enhancement that was imposed and stayed].)

Deciding the issue presented de novo (see *People v. McDavid* (2024) 15 Cal.5th 1015, 1023), we conclude that section 1172.75 authorizes the recall of a defendant's sentence and resentencing where a prison prior was imposed and stayed.

Under section 1172.75, Perez is entitled to resentencing if his "current judgment includes a sentencing enhancement" (§ 1172.75, subd. (c)) "that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5" (*id*., subd. (a)). When Perez was resentenced in August 2014, the trial court imposed and stayed the prison prior. A prison prior enhancement that is imposed and then stayed is " 'imposed' " within the meaning of section 1172.75. (See *Renteria*, *supra*, 96 Cal.App.5th at pp. 1281–1283; *Christianson*, *supra*, 97 Cal.App.5th at p. 315, review granted [concluding there is "no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancement[] and those for whom the enhancement was imposed but stayed"].)

4

Although section 1172.75, subdivision (d)(1) states that resentencing under the statute "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement," subdivision (d)(1) may be construed to include a stayed prison prior. "When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated. [Citation.] Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, review granted.)

"It is clear from the plain language of subdivision (a) of section 1172.75 that the Legislature rendered sentence enhancements imposed pursuant to former subdivision (b) of section 667.5 legally invalid, except where imposed for a qualifying sexually violent offense. Laws in existence when section 1172.75 was enacted allowed those sentence enhancements to be stayed under certain circumstances. Knowing this, if the Legislature intended for the language in subdivision (a) of section 1172.75 to limit legal invalidity to section 667.5, former subdivision (b) enhancements that were imposed and executed it could have done so. It did not." (*Mayberry*, *supra*, 102 Cal.App.5th at p. 676, review granted.) Rather, "it appears the Legislature intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements" and "[t]his reading is [] consistent with the legislative history of section 1172.75." (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.)

For these reasons, we decide that the trial court erred in denying Perez's motion under section 1172.75. We remand the matter for the trial court to recall Perez's sentence and resentence him.

5

### III. DISPOSITION

The August 2, 2023 order denying Perez's request for resentencing is reversed. The matter is remanded to the trial court to recall Perez's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

_____

Danner, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Bromberg, J.

**H051260**
*People v. Perez*